FILED
2008 Aug-11  PM 02:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| REBECCA G. STEELEY, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 5:07-CV-01251-LSC |
| | ] |
| MICHAEL J. ASTRUE, | ] |
| Commissioner, | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.    Introduction.

Plaintiff, Rebecca G. Steeley, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). Plaintiff timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. § 405(g).

Plaintiff was fifty-two years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a high school education with three years of college. (Tr. at 18, 75, 315.) Plaintiff has past work experience as

an accounting clerk.  *Id.* at 71-72, 86-87, 313.  Plaintiff claims that she became disabled on October 15, 2002, due to heart disease, high blood pressure, extreme fatigue, diabetes, and anxiety.[1]  *Id.* at 70, 299.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. § 404.1520; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id.*  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.  20 C.F.R. § 404.1520(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id.*  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops.  20 C.F.R. § 404.1520(a)(4)(ii).  Otherwise, the analysis

---

[1]Plaintiff also testified at the hearing that she had arthritis in her shoulders, degenerative disc in her lower back, and carpal tunnel.  (Tr. at 301.)

continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id*.  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id*.  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id*.  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id*.

Applying the sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability. (Tr. at 18.) According to the ALJ, Plaintiff's "congestive heart failure, degenerative disc disease at L5-S1, chronic obstructive pulmonary disease, diabetes, and obesity" are severe impairments. *Id.* at 19. However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. *Id.* The ALJ found that Plaintiff's allegations of "symptoms and limitations are credible only to the extent that she has the following residual functional capacity:"

> [T]he claimant can perform a full range of sedentary work with occasional walking, standing, and balancing and she can perform occasional pushing and pulling with her upper and lower extremities. Due to her breathing problems, she would need to work in areas with no temperature extremes, no allergens, no pulmonary irritants, and no extreme level of humidity. She would not be able to drive, operative moving machinery, or work in open heights and would not be able to stoop, kneel, crouch, crawl, or use stairs or ramps.

*Id.* at 22-23.

According to the ALJ, Plaintiff's medically-determinable impairments do not prevent her from performing her past relevant work. *Id.* at 23. The

ALJ concluded his findings by stating that Plaintiff "was not under a 'disability' as defined in the Social Security Act, at any time through the date of this decision." *Id*.

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act ("Act") is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id*. "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by

substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III. Discussion.

Plaintiff asserts two reasons that the ALJ's decision should be reversed and remanded. (Doc. 5 at 15-17.) First, Plaintiff contends that the ALJ did not properly evaluate the opinion of her treating physician, Dr. Mark Cooper. *Id.* at 16-17. Second, Plaintiff argues that the ALJ failed to consider the side effects of prescribed medications. *Id.* at 15-16.

A. Credibility of Treating Physician's Opinion.

Plaintiff contends that the ALJ did not properly evaluate the opinion of her treating physician, Dr. Mark Cooper. *Id.* at 16-17. The testimony of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). The Eleventh Circuit has determined that "good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241. Social security regulations require an ALJ evaluating medical opinion evidence to consider a variety of factors, including the examining and treatment relationships, the specialization of the person giving the opinion, and how well the record supports the opinion in question. *See* 20 C.F.R. § 404.1527(d)(1)-(6).

Dr. Cooper completed "Physical Capacities Evaluation," "Clinical Assessment of Pain," and "Clinical Assessment of Fatigue/Weakness" forms drafted and submitted by Plaintiff's representative in June of 2005. (Tr. 230-34). Dr. Cooper indicated that Plaintiff could lift five pounds

occasionally, sit eight hours, and stand and walk one hour; that she could push and pull occasionally and frequently perform fine manipulation and reaching; that she could never climb, balance, perform gross manipulation, bend, or stoop; and that she could operate motor vehicles but could not work around hazardous machinery, dust, allergens, or fumes. *Id.* Dr. Cooper also indicated that Plaintiff had pain that did not prevent her from functioning in everyday tasks or work but was increased by any physical activity, and side effects from her medication could be expected to be severe. *Id.* at 231-32.

In his opinion, the ALJ pointed out that Dr. Cooper's own treatment records did not support his recommendation. *Id.* at 22. The ALJ highlighted that the treatment records showed "marked improvement in her congestive heart failure" and that "she had a regular heart rate and rhythm without murmur." *Id.* The ALJ noted the consistency between Dr. Cooper's medical records and those from "The Heart Center that indicated her heart size and systolic function had returned to normal." *Id.* The ALJ explained that although Dr. Cooper described Plaintiff's fatigue and weakness as virtually incapacitating, his own treatment records showed that he encouraged her

to exercise in June of 2005. *Id.* Thus, the ALJ found that "the course of treatment pursued by [Dr. Cooper] ha[d] not been consistent with the limitations he opined." *Id.* Accordingly, there is substantial evidence to support the ALJ's finding that Dr. Cooper's opinion was not credible.

    B.    Consideration of Side Effects from Medications.

Plaintiff also argues that the ALJ failed to consider the side effects of prescribed medications. (Doc. 5 at 15-16.) Indeed, the ALJ must consider any statements a claimant submits about her symptoms and how they affect her pattern of living, including the "type, dosage, effectiveness, *and side effects* of any medication" the claimant takes or has taken to alleviate her pain or other symptoms. 20 C.F.R. § 404.1529(c)(3) (emphasis added); Soc. Sec. Ruling 96-7p; *see Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981).

On the attorney-drafted "Clinical Assessment of Fatigue/Weakness" form, Dr. Cooper circled a response stating that "[d]rug side effects can be expected to be severe and to limit effectiveness due to distraction, inattention, drowsiness, etc." (Tr. at 233-34.) However, this Court has already found substantial evidence to support the ALJ's finding that Dr.

Cooper's opinion was not credible.  At the hearing, Plaintiff vaguely opined that her side effects from medications might include fluctuating blood pressure and fatigue:

> Q  Any side effects of your medications?
>
> A  Other than my blood pressure really fluctuating, not being able to know the days when I do, and the water pills, of course, I'm back and forth in the bathroom with Lasix.  But that's to be expected so I don't guess you'd call that a side effect.  I don't know because of the (INAUDIBLE) and everybody started to keep blood pressure down, you know, if that's what's making me tired or if that's, you know, part of this as well.

*Id.* at 312-13.

Contrary to Plaintiff's claims, the ALJ did address these issues; the ALJ listed fatigue and high blood pressure as two of Plaintiff's alleged impairments.  *Id.* at 18.  The ALJ also noted that she had been treated for anemia and pointed out that her doctor had encouraged her to exercise.  *Id.* at 21.  The ALJ then concluded that there was "little or no evidence to support significant limitations in her ability to work."  *Id.* at 21.  The ALJ found Plaintiff's allegations only partially credible, noting that she "retains the ability to perform a sedentary level of exertion."  *Id.* at 22.  The ALJ stated that he "carefully reviewed the claimant's subjective complaints in

accordance with" section 404.1529 and Social Security Ruling 96-7p, which both direct the ALJ to consider side effects. *Id.* at 19. The ALJ also explained that there was "no objective clinical evidence of any condition(s) . . . that could reasonably result in the level of fatigue . . . or other symptoms that the claimant alleges prevent her from working." *Id.* The ALJ continued, "[s]uch allegations are also inconsistent with evaluation of . . . the type, dosage, effectiveness, and side effects of any medications that the claimant takes or has taken to alleviate symptoms . . . ." *Id.* at 20. In supporting this conclusion, the ALJ highlighted that her reported activities, including household chores, shopping, visits to her mother, and weekly card games, were "not consistent with her allegations of symptoms and limitations that would prevent her from performing work-related activities." *Id.* Accordingly, there is substantial evidence to show that the ALJ considered the apparent side effects from medications.

IV. Conclusion.

Upon review of the administrative record, and considering all of Ms. Steeley's arguments, the Court finds the Commissioner's decision is

supported by substantial evidence and in accord with the applicable law.

A separate order will be entered.

    <u>Done this 11th</u> day of <u>August 2008</u>.

_____<br>
L. SCOTT COOGLER<br>
UNITED STATES DISTRICT JUDGE<br>
153671